IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| FRANCISCO J. JAYME, and | § | CASE NO. 15-10504-t7 |
| ALICIA JAYME | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**FOURTH MOTION FOR RELIEF FROM AUTOMATIC STAY
(CONTINUATION OF APPEAL)**

**TO THE HONORABLE DAVID T. THUMA, U.S. BANKRUPTCY JUDGE:**

NOW COME JOE MONGE and ROSANA MONGE (hereinafter referred to as the "MONGES"), by and through their attorney of record, and hereby file this Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal) (hereinafter referred to as the "Motion"), and in support thereof would show the Court as follows:

### I.    INTRODUCTORY STATEMENT.

1.    The MONGES file this Motion against FRANCISCO J. JAYME aka FRANCISCO JAVIER JAYME, and ALICIA JAYME aka ALICIA ROJAS (hereinafter referred to as "Debtors"), debtors in the above-numbered proceeding under Chapter 7 of the Bankruptcy Code, seeking relief from the automatic stay of 11 U.S.C. §362(a).

### II.    FACTUAL BACKGROUND.

2.    On June 14, 2010, in the United States Bankruptcy Court for the Western District of Texas (hereinafter referred to as the "USBC"), the MONGES filed the Complaint in Adversary Proceeding No. 09-30881-lmc (hereinafter referred to as the "AP"), against Debtors.

3.    The trial in the AP was completed on August 8, 2014.  On September 5, 2014, the

USBC issued and filed its Proposed Findings of Fact and Conclusions of Law with Respect to Trial in Adversary Proceeding No. 10-03019 (AP DOC #364) (hereinafter referred to as the "Findings of Fact", and attached hereto as Exhibit A).

4. On September 5, 2014, the USBC filed its "Order Providing Notice of Filing of Proposed Findings of Fact and Conclusions of Law with Respect to Trial in Adversary Proceeding No. 10-03019", therein providing the parties fourteen (14) days within which to file written objections to the Findings of Fact. (AP DOC #367). On September 18, 2014, the MONGES' objections were timely filed (AP DOC #370) (hereinafter referred to as the "Objections"), while Debtors filed no objections whatsoever, timely or otherwise. The Findings of Fact were filed in the United States District Court for the Western District of Texas, as Cause Number 3:14-cv-00385-PRM (hereinafter referred to as the "WDTX"). (WDTX DOC #1-2).

5. On January 27, 2015, the WDTX filed an "Order Adopting In Part Proposed Findings of Fact and Conclusions of Law" (WDTX DOC #10) (hereinafter referred to as the "Final Order", and attached hereto as Exhibit B).

6. That same day, January 27, 2015, the WDTX filed a Final Judgment (WDTX DOC #11) (hereinafter referred to as the "Final Judgment", and attached hereto as Exhibit C).

7. Significantly, the Debtors herein filed no appeal from either the Final Order or the Final Judgment, and the time for such an appeal has since expired.

8. On February 26, 2015, the MONGES filed "Plaintiffs' Notice of Appeal to the United States Court Of Appeals for the Fifth Circuit" (WDTX DOC #12), appealing the Final Order.

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7          Page 2 of 11

Case 15-10504-t7    Doc 18    Filed 04/17/15    Entered 04/17/15 16:03:51 Page 2 of 11

9. Subsequently, the judgment in the Final Order was appealed to the United States Court of Appeals for the Fifth Circuit as Cause Number 15-50180 (hereinafter referred to as the "Appeal").

10. Five (5) days later, on March 3, 2015, Debtors filed their Chapter 7 Voluntary Petition in this Court.

11. On March 12, 2015, the MONGES filed their "Appellants' Designation for Appeal" at the WDTX (WDTX DOC #15) (attached hereto as Exhibit D), which presents the issues to be presented on Appeal.

12. The following day, March 13, 2015, the undersigned received a copy of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, filed in this proceeding.

13. The undersigned then telephonically notified the Office of the Clerk of the United States Court of Appeals for the Fifth Circuit of the imposition of the Automatic Stay, and subsequently filed a Suggestion of Bankruptcy with the Fifth Circuit (Appeal, DOC #00512995483), thereby effectively staying the continuation of all appellate proceedings before the Fifth Circuit. However, the undersigned was instructed by the Deputy Clerk of the Fifth Circuit to file, no later than April 15, 2015, a Motion to Reinstate the Appeal, so as to reinstate the Appeal, if and when the automatic stay is lifted by this Court, or by operation of the law. Otherwise, the MONGES' Appeal would be dismissed without any possible reinstatement.

14. On April 7, 2015, the MONGES filed a Second Motion For Relief From Automatic Stay (Continuation of Appeal) (DOC #10) (hereinafter referred to as the "Second

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7     Page 3 of 11

Case 15-10504-t7    Doc 18    Filed 04/17/15    Entered 04/17/15 16:03:51 Page 3 of 11

Motion For Relief"), seeking relief from the automatic stay to file a Motion to Reinstate the Appeal with the Fifth Circuit.

15. Following a hearing on April 10, 2015, the Court agreed to grant the Second Motion For Relief, and instructed the undersigned to submit an Order granting the MONGES relief from the automatic stay, limited to allowing the MONGES to file, on or before April 15, 2015, a Motion to Reinstate Appeal, in the Fifth Circuit, which would reinstate the Appeal, but stay all further proceedings until the automatic stay is lifted by this Court, or terminates according to law.

16. Accordingly, that same day, April 10, 2015, the undersigned submitted an Order (Order ID #15882) to the Court.

17. On April 13, 2015, the MONGES filed Appellants' Motion to Reinstate the Appeal (Appeal, DOC #00513003369) with the Fifth Circuit.

18. On April 14, 2015, the Fifth Circuit issued a Clerk Order (Appeal, DOC #00513005250) reinstating the Appeal.

19. On April 14, 2015, the Fifth Circuit issued a letter (Appeal, DOC #00513005238) stating the Appeal was placed in abeyance due to the instant bankruptcy case.

20. On April 14, 2015, the Fifth Circuit issued a Notice of Docket Activity requiring a Stay Follow-up on June 8, 2015.

21. On April 16, 2015, the Court signed the Order (DOC #15), granting the MONGES relief from the automatic stay, limited to allowing the MONGES to file, on or before

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7     Page 4 of 11

Case 15-10504-t7    Doc 18    Filed 04/17/15    Entered 04/17/15 16:03:51 Page 4 of 11

April 15, 2015, a Motion to Reinstate Appeal, in the Fifth Circuit.

### III. ARGUMENT.

**A. An Automatic Stay May Be Lifted To Allow A Case Proceeding Before Another Court To Reach Completion.**

22. Debtors filed a petition under Chapter 7 of the Bankruptcy Code on March 3, 2015. Upon such filing, the automatic stay went into effect.

23. However, an automatic stay, imposed under 11 U.S.C. §362(a), may be lifted upon the showing of cause. 11 U.S.C. §362(d)(1) ("**On request of a party in interest** and after notice and a hearing, **the court shall grant relief from the stay provided under subsection (a) of this section**, such as by terminating, annulling, modifying, or conditioning such stay **for cause**, including the lack of adequate protection of an interest in property of such party in interest.) (emphasis added).

24. The legislative history of 11 U.S.C. §362 shows "for cause" includes allowing a case proceeding before another court to come to a conclusion. H.R. REP. 95-595, 341, 1978 U.S.C.C.A.N. 5963, 6297 ("Undoubtedly the court will lift the stay for proceedings before specialized or nongovernmental tribunals to allow those proceedings to come to a conclusion."); H.R. REP. 95-595, 343, 1978 U.S.C.C.A.N. 5963, 6300 ("The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, **a desire to permit an action to proceed to completion in another tribunal may provide another cause**.") (emphasis added).

25. For those reasons, Bankruptcy courts have found a motion for relief from an automatic stay should be granted in order to allow a case, proceeding before another court, to

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7          Page 5 of 11

Case 15-10504-t7   Doc 18   Filed 04/17/15   Entered 04/17/15 16:03:51 Page 5 of 11

reach completion. *In re Busch*, 294 B.R. 137, 141 (B.A.P. 10th Cir. 2003) ("Courts have found that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a nonbankruptcy forum."); *In re Fiedler*, 34 B.R. 602, 604 (Bankr. D. Colo. 1983) (Holding that "where the state court proceedings have progressed to the point where the parties are prepared for trial, cause for relief from the stay exists."); *In re Propps*, 82 B.R. 407 (Bankr. D. S.C. 1987) (Holding the automatic stay should be lifted to permit an action to proceed to completion in another tribunal.).

26. This standard has been held by other courts to allow an appeal, in a non-bankruptcy court, to continue to completion. *In re Lee*, 428 B.R. 667, 671 (Bankr. D. Colo. 2009) ("The Court agrees that cause exists pursuant to §362(d)(1), and finds that in the interests of judicial economy and comity, the automatic stay is modified to allow for completion of the state court appellate proceedings."); *In re Morris*, 153 B.R. 588, 590–92 (M.D. Fla. 1993) (Affirming the bankruptcy judge's decision that sufficient cause existed to lift the automatic stay for the purpose of allowing the state appellate proceedings to continue, and noting that "the state court appeal would help lead the bankruptcy case to a conclusion").

**B.     Courts Apply A Hardship Test To Determine Whether An Automatic Stay Should Be Lifted To Allow A Case Proceeding Before Another Court To Reach Completion.**

27. In determining whether the automatic stay should be lifted to allow a case, proceeding before another court, to reach completion, Bankruptcy Courts of New Mexico follow the twelve (12) Curtis factors. *In re Sunland, Inc.*, 508 B.R. 739, 743 (Bankr. D. N.M. 2014) (Listing the twelve Curtis factors used to determine whether the automatic stay should be lifted to allow a case to proceed before a non-bankruptcy forum.). However, the Court does not need to consider all twelve (12) of the Curtis factors, but only those factors which are applicable to the

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7                    Page 6 of 11

Case 15-10504-t7    Doc 18    Filed 04/17/15    Entered 04/17/15 16:03:51 Page 6 of 11

instant case. *In re Busch*, 294 B.R. at 141 (Applying only seven (7) relevant Curtis factors). Ultimately, the Curtis factors revolve around two (2) central conditions:

    a.    "[T]hat no great prejudice will result to the debtor or the debtor's estate, and

    b.    [T]he hardship to the creditor resulting by continuing the stay considerably outweighs the hardship to the debtor by modification of the stay."

*In re Harris*, 85 B.R. 858, 860 (Bankr. D. Colo. 1988); *see also In re Rouse*, 301 B.R. 86, 89 (Bankr. D. Colo. 2003) ("Ultimately, the Court must apply a balancing test to weigh the hardships suffered by the creditor under the automatic stay against those suffered by the Debtors' if the stay is lifted.").

**C.    The Automatic Stay Should Be Lifted As Doing So Would Not Prejudice The Debtors' Estate.**

28.    As a result of Debtors filing for relief under Chapter 7, and the imposition of the automatic stay, under 11 U.S.C. §362(a), the MONGES are precluded from continuing the Appeal until the automatic stay is lifted by this Court, or terminates according to law.

29.    In their Appeal, the MONGES are not seeking a property interest in Debtors' estate. (See Exhibit D).

30.    Accordingly, the Debtors' estate will not suffer a hardship if the automatic stay is lifted, since the MONGES, in the Appeal, are only seeking a judgment as to Debtors' liability, and are not currently seeking relief against Debtors' property.[1] Such a judgment has been found, by courts within the Tenth Circuit, to not affect a bankruptcy estate. *In re Unioil*, 54 B.R. 192,

---

[1] In accord, see the April 7, 2015 email from Trustee, attached hereto as Exhibit E.

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7    Page 7 of 11

Case 15-10504-t7   Doc 18   Filed 04/17/15   Entered 04/17/15 16:03:51 Page 7 of 11

195 (Bankr. D. Colo. 1985) ("Since the plaintiffs have sought only to litigate their claims to the point of judgment, and do not seek relief from stay in order to levy against the property of the debtor, such relief would not interfere with the bankruptcy case.").

31. Furthermore, the cost to Debtors incurred by defending against the Appeal is insufficient to constitute harm to Debtors' estate. *In re Harris*, 85 B.R. at 860 (Holding the automatic stay should be lifted, and recognizing "no case has found the cost of defending, by itself, to be 'great prejudice' as to bar modification of the stay.") (quoting *In re Phillips*, 40 B.R. 194, 197 (Bankr. D. Colo. 1984), internal quotation marks and citation omitted).

### D. The Automatic Stay Should Be Lifted As Failing To Do So Would Cause The MONGES To Suffer Severe Hardship.

32. On the other hand, the MONGES will suffer severe hardship if the automatic stay is not lifted. If the MONGES are unable to proceed with the Appeal, the issues presented in the AP will not reach a final determination, and the MONGES will be denied the ability to fully pursue their rights in a court of law.

33. More significantly, the MONGES ability to pursue their claims against other non-debtor parties, such as banks and title insurance companies, so as to recover their damages, will be fatally undermined, due to collateral estoppel and res judicata effects.

34. Therefore, as Debtors' estate would not be prejudiced by the lifting of the automatic stay, but failing to lift the automatic stay would cause the MONGES to suffer severe economic hardship, as they would be denied the right to fully litigate all issues in the AP to their conclusion, the hardship test found in the Curtis factors weighs heavily in favor of lifting the automatic stay.

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7       Page 8 of 11

Case 15-10504-t7    Doc 18    Filed 04/17/15    Entered 04/17/15 16:03:51 Page 8 of 11

35. Accordingly, the MONGES, pursuant to 11 U.S.C. §362(d), move the court to grant relief from the automatic stay, in order to continue to fully prosecute the Appeal in the Fifth Circuit.

## IV. PRAYER.

36. For the foregoing reasons, the MONGES ask the Court to issue an Order granting the MONGES relief from the automatic stay in order to continue to fully prosecute the Appeal in the Fifth Circuit, and for such other and further relief to which the MONGES may be justly entitled.

April 17, 2015                                             Respectfully submitted,

                                                The Law Offices of Michael R. Nevarez
5915 Silver Springs Drive, Building 6, Suite B
El Paso, Texas 79912
Telephone: (915) 584-8000
Facsimile: (915) 584-8024
Email: MNevarez@LawOfficesMRN.com

/s/ Michael R. Nevarez
By: **MICHAEL R. NEVAREZ**
United States District Court for the District of New Mexico, Federal Bar No. 15-75

Attorney for Joe Monge and Rosana Monge

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7          Page 9 of 11

Case 15-10504-t7    Doc 18    Filed 04/17/15    Entered 04/17/15 16:03:51 Page 9 of 11

## CERTIFICATE OF CONFERENCE

I hereby certify that on Friday, April 3, 2015, in an attempt to determine whether there would be any opposition to the foregoing Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal), I personally emailed a true and correct copy of said motion to (1) J. Preston Paschall, Counsel For Debtors, and (2) Clarke C. Coll, the Chapter 7 Trustee. I hereby further certify that on Tuesday, April 7, 2015, I again emailed Mssrs. Paschall and Coll, in an attempt to determine their dates of availability for a hearing on said motion.

I hereby further certify that (1) on that same date, Friday, April 3, 2015, Mr. Coll replied via email that he consented to the relief requested in said motion, and (2) on Tuesday, April 7, 2015, Mr. Coll replied via email that since said motion does not appear to impact property of the estate, it will not be necessary for Mr. Coll to participate in any hearing on said motion. (See Exhibit E - April 7, 2015 Email from Trustee).

I hereby further certify that, having received no response from Mr. Paschall, I personally called his office on Tuesday, April 7, 2015, and spoke with Leslie, an assistant from his office, who then later called me to inform me that the Debtors are opposed to said motion.

/s/ Michael R. Nevarez  
**MICHAEL R. NEVAREZ**

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)  
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7     Page 10 of 11

Case 15-10504-t7   Doc 18   Filed 04/17/15   Entered 04/17/15 16:03:51 Page 10 of 11

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **FOURTH MOTION FOR RELIEF FROM AUTOMATIC STAY (CONTINUATION OF APPEAL)** was served either by electronic means as listed on the Court's CM/ECF filing and noticing system, and/or by regular first class mail, postage prepaid, to the following parties in interest, on or before April 17, 2015:

**COUNSEL FOR DEBTORS:**
J. Preston Paschall
Law Office of J. Preston Paschall
1690 North Main Street
Las Cruces, New Mexico 88001

**TRUSTEE:**
Clarke C. Coll
P.O. Box 2288
Roswell, New Mexico 88202


/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Fourth Motion For Relief From Automatic Stay (Continuation Of Appeal)
In re Francisco J. Jayme and Alicia Jayme, USBC DNM, Case No. 15-10504-t7, Chapter 7      Page 11 of 11

Case 15-10504-t7    Doc 18    Filed 04/17/15    Entered 04/17/15 16:03:51 Page 11 of 11